ROBERT P. CROWE, individually and as Administrator, et al.,
    Respondents, *v.* FREDERICK O. LEWIN, Executor, etc.,
    Appellant.

In an action brought to rescind a contract for the exchange of lands on the
    ground of fraud, the court found that plaintiff agreed to exchange his
    premises, subject to a mortgage thereon, for four lots which defendants
    represented that they owned, but to which they had no title; they did
    own a parcel of land in the neighborhood of the lots, of much less value.
    Plaintiff conveyed his premises and received a deed purporting to convey
    the four lots. The court refused to find fraud. Defendants claimed
    that they intended to convey the land actually owned by them, but by
    mistake the four lots were described in their deed, and asked to have
    the deed reformed. *Held,* that plaintiff was entitled to equitable relief
    whether the case was one of fraud or mistake; if the latter the minds
    of the parties never met, and no actual contract was made; that de-
    fendants were not entitled to a reformation of their deed as plaintiff
    never had agreed to take the premises actually owned by defendants,
    and the only way the mistake could be corrected was by a rescission of
    the formal contract and the restoration to each party of what had been
    parted with on its faith.
Plaintiff's deed contained a covenant on the part of the grantees to pay
    the mortgage. Defendants objected that in case of a rescission they
    would be left liable upon the covenant to the holder of the mortgage.
    *Held* untenable; that the rights of such holder were wholly dependent
    upon an effectual transfer and were affected by the equities between the
    parties, and a judgment annulling the whole transaction released defend-
    ants from any liability.

(Submitted March 4, 1884; decided April 15, 1884.)

APPEAL from a judgment of Special Term after an affirm-
ance by the General Term of the Supreme Court, in the first
judicial department, by order made March 20, 1883, of an in-
terlocutory judgment in favor of the plaintiffs.

This action was brought originally by Patrick Crowe, the
present plaintiff's intestate, for the rescission of an alleged con-
tract, for the exchange of real estate on the ground of fraud,
and for an accounting for the rents and profits of the premises
conveyed by plaintiff while they were in defendant's posses-
sion.

The court refused to find fraud, but found in substance that in February, 1878, the parties entered into an oral agreement whereby the plaintiff agreed to convey to the defendant and Honora Lewin, his co-executor (now deceased), a house and lot in New York city, subject to a mortgage thereon of $3,300, in exchange for four lots of land situated near Williams Bridge in the city of New York, which the executors represented and claimed they had power to convey free from incumbrance, and which they agreed to convey. Plaintiff fulfilled on his part, and the defendants executed and delivered to the plaintiff a deed purporting to convey title to the four lots. The court further found that the defendants, when they executed and delivered their deed, had not nor had they acquired title since to the four lots or any power to convey the same or any other four lots of land at Williams Bridge. An interlocutory judgment was directed and entered requiring a reconveyance by the parties respectively, and that defendants account for the rents and profits of plaintiff's premises; and referring it to a referee to take such an accounting.

Further facts appear in the opinion.

*Coles Morris* and *Michael H. Cardozo* for appellant. The plaintiff was not entitled to the relief he asked, and which the court below granted, unless the evidence warranted a finding of fraud on the part of the defendants, or, at least, a mutual mistake of both parties. (*Talman* v. *Green*, 3 Sandf. 437; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253, 256; *Long* v. *Warren*, 68 id. 426, 431; *Woodruff* v. *Bruce*, 9 Paige, 442; *Gouverneur* v. *Elmendorf*, 5 Johns. Ch. 79; *Attwood* v. *Small*, 6 C. & F. 232; *Beale* v. *Seiveley*, 8 Leigh, 62; *Bree* v. *Holbrech*, Douglass, 654.) Plaintiff had the opportunity to examine the deed, and should have made use of it. (*Moran* v. *McLarty*, 75 N. Y. 25; *Long* v. *Warren*, 68 id. 426; *Taylor* v. *Fleet*, 4 Barb. 95, 102–3, 108–9; Story's Eq. Jur., § 146, note 2; Dig., lib. 22; tit. 6, 1, 9, § 2; Pothier's Pand., lib. 22, tit. 6, § 4, note 11.) The doctrine of *caveat emptor* applies to the title of real estate. (Doctor and Student, Book 2, chap. 47;

Broom's Legal Maxims, 743, marg. p.; *Abbott* v. *Allen*, 2 Johns. Ch. 519, 523; *Upton* v. *Tribilcock*, 1 Otto, 45, 55; *Duke of Beaufort* v. *Neald*, 2 C. & F. 248, 286; *Frost* v. *Raymond*, 2 Caines, 188; 1 Fonb. 356, note; *Urmston* v. *Pate*, Sugden's Law of Vendors [3d ed.], 346, 347; 4 Cruise's Dig. 90; Cooper's Eq. 311; *Hiern* v. *Mill*, 13 Ves. 114; Kerr on Fraud and Mistake, 83; Dart on Vendor and Purchaser, 43.)   A contract in the absence of actual fraud will not be rescinded unless the parties thereto can be placed in *statu quo*. (Kerr on Fraud and Mistake, 436, note 7; *Calvo* v. *Davies*, 73 N. Y. 211; *Marshall* v. *Davies*, 78 id. 414.)   The gist of the action by the plaintiff was to rescind the contract with the defendants for fraud on their part and could not be converted into one for relief in his favor on the ground of mutual mistake even if there had been mutual mistake in this case. (*McMichael* v. *Kilmer*, 76 N. Y. 36, 40; *Dudley* v. *Scranto*, 57 id. 424; LOTT, Ch. Com., 428.)   Upon the allegations of the amended complaint the plaintiff was not entitled to any relief against the defendants in their representative capacity.   If they committed any fraud they should have been sued for it personally. (*Ferrin* v. *Myrick*, 41 N. Y. 315; *Austin* v. *Monroe*, 47 id. 310.)   The party who accepts a deed upon the purchase of real estate is confined, upon a failure of title, to the covenants contained in his deed, and if he has taken a deed without covenants, he has no remedy at law or in equity.   The only exception is where the contract or some of its stipulations have been induced by fraud. (*Tallman* v. *Green*, 3 Sandf. 437, 441; *Abbott* v. *Allen*, 2 Johns. Ch. 579; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253, 256.)

*William F. Reilly* for respondents.   The deed of four lots, which the defendants gave to the plaintiff Crowe, is conclusive as being just such deed as they had agreed to give him.   It must be deemed the consummation of their prior agreement, and that the agreement was merged in it. (2 Wharton on Law of Evidence, §§ 1014, 1028.)   Except in case of mutual mistake or fraud, a party is not entitled to have a deed reformed.

(*Kent* v. *Manchester*, 29 Barb. 597; *Jackson* v. *Andrews*, 59 N. Y. 244; *Paine* v. *Jones*, 75 id. 593; *Moran* v. *McLarty*, id. 25; 2 Wharton on Law of Evidence, §§ 936, 937, 1022, 1050, 1054.) Wherever there is an admixture of ingredients going to establish misrepresentation, imposition, undue confidence or influence, especially in all cases of family arrangements, equity regards it as a just foundation for relief. (Story's Eq. Jur., §§ 146, 308, 120, 137, 258.)

FINCH, J. In this case the minds of the parties never met. The contract in form was not a contract in fact. It originated in mistake, and that mistake not mutual and about the same thing, but different on the part of each. Taking the findings as our guide, it appears that the plaintiff agreed to exchange his house and lot for four lots at Williams Bridge which the defendants represented that they owned and could convey. As matter of fact they did not own them, but did own a triangular parcel in the neighborhood fronting on the Bronx river, but of trifling value and much inferior area, which they say was what they intended to convey, but by mistake the four lots at Williams Bridge were substituted in the deed they gave. It is possible that the findings of fact might well have been different. The evidence on which they rest is quite slender and unsatisfactory, but we cannot say there is none. Assuming them to be true, the situation was this : The plaintiff came into court alleging that by the fraud and deceit of a false assertion of ownership he had been deprived of his property. The defendants rebutted the charge of fraud by showing a mistake, and it is only as the result of that explanation that fraud was not found. If the defendants' representation of ownership related to the four lots, it was a falsehood and a fraud. If it related to the Bronx river lots it was not so understood by the plaintiff, and he was misled by a mistake. There was thus either fraud or mistake against which equity may relieve. The defendants' mistake was that they conveyed what they did not own and did not mean to sell. The plaintiff's was that he bought what he meant to buy, but without the asserted title in his grantors.

What one meant to sell the other did not mean to buy, and what one meant to buy the other did not mean to sell. Such was the judgment rendered and it was right. Its details are criticised in but one respect. There was a mortgage to a savings bank, resting as an incumbrance on the plaintiff's property, and which by acceptance of the deed the defendants assumed and agreed to pay, and they now complain that they are left liable to the savings bank for the amount of the mortgage debt. We do not think that result will follow. The judgment which declares that there was no effectual contract, and therefore no valid assumption of the mortgage, binds both parties and privies; and the bank, which had no right except through the promise to plaintiff, and dependent wholly upon it, and could only claim through it, is bound, if not by the judgment itself, at least by the effect of the judgment as annulling the whole transaction. The principle decided in *Dunning* v. *Leavitt* (85 N. Y. 30 ; 39 Am. Rep. 617) fully covers the point. There Mrs. Leavitt's promise to pay the mortgage debt was founded upon the conveyance to her, but the judgment in ejectment brought by the Howell heirs determined that no title passed to her by her deed, that the land was not transferred, and as a consequence that no consideration for her promise to the grantor for the benefit of the mortgage remained, and so she never became liable. The effect of the decree here is the same. It annuls the deed and adjudges that the land did not pass, and so the savings bank can have no right of action upon a promise divested by the judgment of any consideration. Its rights were wholly dependent upon an effectual transfer of the mortgaged property, and affected by the equities existing between the original parties.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.