MOSES D. GOODMAN and Others, Appellants, *v.* CHRISTOPHER LABORN, Defendant, and HARRY C. LEONHARDT, Respondent.

*Fraudulent misrepresentations as to the location of land — remedies of the purchaser — waiver, by payments on the contract, of the right to rescind.*

Where there has been a fraudulent misrepresentation upon the part of a vendor relative to the location of the lands sold, the vendee may either sue for the damages which have resulted from the fraud, or bring a suit in equity to have the contract rescinded and for other appropriate relief.

*Semble,* that the vendee is entitled to relief in equity, if a mistake has been made, even though the vendor was guilty of no actual fraud.

What proof is necessary to establish a waiver, of the right to proceed in equity to rescind the contract, by evidence of payments made thereon, considered.

APPEAL by the plaintiffs, Moses D. Goodman and others, from a judgment of the Supreme Court in favor of the defendant, Harry C. Leonhardt, entered in the office of the clerk of the county of Niagara on the 3d day of March, 1896, upon the report of a referee dismissing the complaint.

*P. M. Sullivan,* for the appellants.

*Theodore Wende,* for the respondent.

ADAMS, J.:

The learned referee before whom this case was tried has found that upon the 6th day of February, 1893, one Christopher Laborn entered into a written contract with Henry Hauer and Christopher Hauer for the sale of a tract of land situate in the town of Wheatfield, Niagara county, consisting of fifteen and eighty-three one-hundredths acres, upon the terms and conditions mentioned in such

contract; that thereafter, and prior to the 14th day of March 1893, the defendants also entered into a written contract, by the terms of which the defendant Laborn obligated himself to convey the land in question to his co-defendant, Leonhardt, for the price of $400 per acre; that subsequently, and on the 14th day of March, 1893, the defendant Leonhardt entered into an oral agreement with the plaintiffs herein, by the terms of which it was agreed that Laborn should thereafter make a written contract to convey such premises to the plaintiffs; and that, in pursuance of this oral agreement, Laborn did thereafter execute a contract in writing with the plaintiffs, whereby he obligated himself to convey the premises aforesaid to them at and for the price of $475 an acre. The contract provided that $500 of the purchase price should be paid upon its execution; that an additional $500 should be paid upon the fifteenth day of April, and $1,200 upon the first day of May following, and that, upon the payment of the last-mentioned sum, a deed of the premises should be executed and delivered to the plaintiffs by the defendant Laborn, and the balance of the purchase price secured to the grantor by a mortgage upon the premises, together with a bond of the grantees, the terms and condition of the bond and mortgage being expressly provided for in the contract; that when the defendant Leonhardt entered into the oral agreement with the plaintiffs the location of the land in question was unknown to the latter, but it was represented to them by Leonhardt that the premises were located at or near the junction of certain highways in the town of Wheatfield, known as the Witmer road and the Oderboltz road, whereas, in fact, such lands were not located at the point represented, but were distant therefrom about 120 rods, and the land actually agreed to be conveyed by the contract entered into between the plaintiffs and the defendants was of less value than that which was described by the defendant Leonhardt as the land intended to be conveyed.

It further appears that the plaintiffs made the first payment contemplated by their contract in accordance with the terms thereof, but that, before the second payment became due, the plaintiff Moses D. Goodman discovered that a mistake had been made in the location of the land, which fact he brought to the attention of the defendants, who attempted to rectify the same by making another

location, whereupon the second payment provided for by the contract was made, but it was subsequently discovered that the second location was also erroneous, and that the premises covered by the description in the contract were in quite a different locality.

The facts thus narrated, save, possibly, those relating to the second location, are virtually conceded; and upon such facts the plaintiffs contend that they are warranted in claiming that they were induced to enter into the contract for the purchase of the premises in question by the fraudulent misrepresentations upon the part of the defendants respecting their location. If this contention is well founded, then either one of two remedies was available to them, viz., to sue for the damages which resulted from the fraud or to bring a suit in equity to have the contract rescinded and for such relief as might be appropriate to their case. (*Gould* v. *Cayuga Co. Natl. Bank*, 99 N. Y. 333; *Strong* v. *Strong*, 102 id. 69; *Pryor* v. *Foster*, 130 id. 171.) Electing to pursue the latter remedy, and having brought this action to recover the moneys paid by them upon their contract, offering in their complaint to surrender such contract for rescission and cancellation, it becomes necessary to determine how far their appeal to a court of equity is sustained by the facts of the case.

The learned referee, while finding as a fact that a misrepresentation was made by the defendants as to the location of the land in question, has reached the conclusion that the same was made by mistake and was not intentional; and he further finds that, before the second payment was made by the plaintiffs, they had discovered the mistake and made their payment with full knowledge of its existence, thereby waiving all right which otherwise they might have to insist upon a rescission of the contract.

The evidence in the case, which is contained in the record before us, is not altogether satisfactory upon the question of whether or not the representations made in regard to the location of this land were intentional or unintentional. The defendants were both sworn upon the trial, and neither of them states that no fraud was intended, but, in our view of the case, it is perhaps unimportant whether the misrepresentations were the result of design or accident, for, even if no actual fraud was intended to be perpetrated, a mistake certainly was made by which the plaintiffs were misled, and

for which equity will furnish the appropriate relief. (*Crowe* v. *Lewin*, 95 N. Y. 423.)

The more serious question for our consideration is, whether or not the plaintiffs have deprived themselves of their right to resort to a court of equity for the relief demanded in this action, by reason of some act of theirs which may be regarded as equivalent to a waiver. As has already been stated, the learned referee has found that the plaintiffs made their second payment upon the contract with full knowledge of the mistake which had been made in the location of the land, but this finding, we think, is hardly warranted by the evidence.

So far as the plaintiff Mary B. Goodman is concerned, there is no evidence whatever that she personally knew anything about any of the transactions here narrated. It does appear, however, that one Abram Goodman acted in her behalf in negotiating for and entering into the contract in question, and there is some evidence tending to show that, prior to the making of the second payment, he went with the defendant Leonhardt to see the premises and expressed himself satisfied in regard to their location, in consequence of which, it is contended by the defendants, that his principal, Mary B. Goodman, became charged with whatever knowledge he, as her agent, possessed.

The defendant Leonhardt testifies that this inspection took place upon the sixteenth of April, and that the second payment was made the following day; but in this he is contradicted by Abram Goodman, who says that he did not see the premises until some time after the second payment fell due, and that when he did see them, he objected to the location, whereupon Leonhardt offered to make some deduction from the contract price. If this embraced the entire evidence relating to the alleged waiver upon the part of Mrs. Goodman, we might feel constrained to adopt the finding and conclusion of the learned referee upon that branch of the case, but it seems by concurrent and undisputed evidence that the second payment was made by the plaintiffs Zimmerman and Moses Goodman; that neither Mrs. Goodman nor Abram Goodman contributed to or was aware of such payment; and that the same was made in consequence of another attempted location of the premises by Laborn, which occurred during an interview between him and Moses, and

which turned out to be even more erroneous than the first one, it being 125 rods distant from the point where the premises were actually located.

It may be that upon another trial it can more satisfactorily be made to appear that the plaintiffs have forfeited their right to rescind their contract and recover the moneys paid thereon; but, as advised by the present record, we find ourselves unable to concur in the result reached by the learned referee, and we conclude, therefore, that a new trial should be directed.

The judgment should be reversed and a new trial directed, with costs to abide the event.

All concurred, except GREEN, J., dissenting.

Judgment reversed and a new trial ordered, with costs to abide the event.

---

NOTE.— The rest of the cases of this term will be found in the next volume, 12 App. Div.— [REP.