(109 App. Div. 1.)

### SILVERMAN et al. v. MINSKY.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

VENDOR AND PURCHASER—MISTAKE—CANCELLATION OF CONTRACT.

Where a contract of purchase is executed under a mistake as to the property, caused by the misrepresentations of defendant's agent, plaintiff is entitled to have it annulled and the purchase money refunded, though such misrepresentations were the result of an honest mistake, and no actual fraud was intended.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 43.]

Patterson and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Clementine M. Silverman and others against Louis Minsky. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Benjamin F. Feiner, for appellant.
J. Charles Weschler, for respondents.

O'BRIEN, P. J. The action is brought to annul and set aside a contract for the purchase of real estate and to recover the amount of the deposit paid thereon. In December, 1903, the defendant having contracted to purchase certain real estate in the city of New York, including five houses on West End avenue, authorized one Jacobs to act as his broker for the purpose of effecting a resale thereof. Jacobs succeeded in interesting the plaintiff Clementine M. Silverman in the property, and during the last week of December he took her in a carriage to visit it. Instead, however, of showing her the houses on West End avenue, he drove to houses on Amsterdam avenue bearing similar numbers, and informed her that those houses were the ones which the defendant desired to sell. Mrs. Silverman inspected the Amsterdam avenue houses, which were more valuable and more favorably situated than those on West End avenue; but, as she was not familiar with the neighborhood or the buildings themselves, she did not discover that the wrong property had been shown her. On the following day Jacobs again took

her to the Amsterdam avenue property for a further inspection, and again represented that the houses thus shown were the ones which the defendant desired to sell. Believing that she was contracting to purchase the houses which she had examined, she entered into a contract on January 2, 1904, to purchase the property upon West End avenue, and she paid to the defendant $1,000 as a deposit to bind the contract.

The above facts are undisputed, and they clearly show that the plaintiff was induced to enter into the contract by reason of the false representations of Jacobs that the Amsterdam avenue houses were the ones which were to be conveyed to her. The evidence also establishes the fact that in his dealings with Mrs. Silverman, Jacobs acted as the agent and broker of the defendant. He had upon a previous occasion been employed in the same capacity by the defendant to sell other property. When he learned that the defendant had the property here involved for sale, he called and asked for particulars regarding it, which defendant gave him, and he then entered into negotiations with Mrs. Silverman for the purchase of the houses. He made reports as negotiations progressed to the defendant, and finally brought the parties together, so that the contract of purchase was executed. In addition to this, the defendant agreed to pay him commissions as broker in bringing about the contract of purchase, and with these facts established it cannot be successfully denied that Jacobs was the agent of the defendant, at least to the extent that the latter cannot take advantage of his false representations.

Jacobs testified that the mistake in showing Mrs. Silverman the Amsterdam avenue property was unintentional; but, in connection with this statement, it must be borne in mind that he was a broker engaged in dealing in real estate in the city of New York. He admits that he was "pretty well acquainted" with its streets. He was apparently familiar with the neighborhood in which the property was located, and it was shown that West End avenue, between Sixty-Sixth and Sixty-Seventh streets, where those houses were situated, differs radically in appearance from Amsterdam avenue between the same streets. The latter avenue has stores upon both sides and is a thriving neighborhood, while the former is vacant upon one side, the unimproved plot being surrounded with a fence. The statement, if material, that a mistake could under these circumstances be made unintentionally, is open to doubt; but in our opinion it makes no difference, so far as the plaintiff's position is concerned, whether the misrepresentations were the result of accident or design. Even if Jacobs did not intend actual fraud, nevertheless his misrepresentations caused Mrs. Silverman to have a mistaken idea of the property which she contemplated purchasing. The minds of the parties never met in the transaction. Though there was a contract in form, it was not a legal contract in effect, and the instrument originated, if not in fraud, at least in mistake.

The plaintiffs come into court alleging that by fraud and misrepresentation as to the property to be conveyed the defendant in-

duced them to agree to purchase it. The misrepresentation is practically admitted, but the defendant attempts to escape the consequences of it by claiming that the agent was himself honestly mistaken in exhibiting the wrong property to Mrs. Silverman. But the defendant cannot be permitted to reap a profit from the misrepresentations of his agent, even though such misrepresentations were the result of an honest mistake, and the fact that the court has not found actual fraud does not prevent the plaintiffs from succeeding in the action to have the contract annulled and the deposit refunded. Crowe v. Lewin, 95 N. Y. 423; Goodman v. Laborn, 11 App. Div. 617, 42 N. Y. Supp. 166. A mistake was proven conclusively. What the defendant meant to sell, the plaintiffs did not mean to buy; and what the plaintiffs meant to buy, the defendant could not sell. It is therefore unimportant whether the misrepresentations which induced the execution of the contract were the result of design or accident; for, even if no actual fraud was intended to be perpetrated, there was certainly a mistake as to the property itself, caused by the misrepresentations of defendant's agent, by which the plaintiffs were misled, and for which equity will furnish the appropriate relief. The contract was properly annulled and set aside by the court below, and the plaintiffs permitted to recover the amount which they had paid under such contract.

Therefore the judgment appealed from is right, and must be affirmed, with costs.

McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.

INGRAHAM, J. I dissent. The complaint is based solely upon fraud, alleging false representations, and not a mutual mistake. To justify a recovery, fraud must be proved, and no relief can be given upon a different ground. Cassidy v. Uhlmann, 170 N. Y. 505, 63 N. E. 554.