(61 Misc. Rep. 533.)

PRINDLE et al. v. BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 5 OF TOWN OF DEWITT.

(Supreme Court, Special Term, Onondaga County. December, 1908.)

1. REFORMATION OF INSTRUMENTS (§ 19*)—CONTRACTS—MUTUALITY OF MISTAKE.
   A contract made under mistake, or in ignorance of a material fact, may be rescinded, but cannot be reformed, unless the mistake is mutual.
   [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

2. REFORMATION OF INSTRUMENTS (§ 47*)—CONTRACT—RELIEF.
   Plaintiff agreed to convey to defendant certain lands; but defendant, on discovering a mistake as to the quantity of the land, refused to make final payment, and in an action to foreclose the contract asked for its reformation for mutual mistake. It appeared that the mistake was not mutual. Held, that the court, in the exercise of its equity powers, would rescind the contract and direct repayment to defendant of money already paid, with interest, giving defendant a lien on the premises contracted to be conveyed to secure such payment.
   [Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. § 47.*]

Action by Osbert S. Prindle and others against the Board of Education of Union Free School District No. 5 of the Town of Dewitt, Onondaga County, to foreclose a land contract. Judgment for defendant.

W. H. Kelley, for plaintiffs.
Charles A. Hitchcock, for defendant.

DEVENDORF, J. On the 18th of September, 1906, the plaintiff Prindle and his former coplaintiff, Anson E. York (now deceased), entered into a contract with Herbert E. Richardson and others, as members of the board of education and trustees of the defendant, whereby the said first parties covenanted and agreed to convey to said second parties certain lands situate in the village of East Syracuse, N. Y., for the sum of $1,050, $550 whereof was to be paid January 1, 1907, and the residue June 1st following. The first payment was made; but, upon discovering that a mistake had been made as to the quantity of land to be conveyed, the second parties refused to make further payment, whereupon this action was brought to foreclose.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant admits the contract in question, but alleges a mutual mistake therein, and asks to have it reformed, and that the plaintiffs be required to execute a deed according to the alleged true intention of the parties. The difficulty arises in this case over the fact that reliance was placed upon an erroneous map. The defendant owns real estate on the northerly side of Hemans street, in said village, and the original plaintiffs owned the premises across the rear thereof, and to the street next northerly, known as Irving street; the land of such plaintiffs extending farther along said street than the width of defendant's premises. The intention of the defendant was to purchase all of the land in the rear of its property through to Irving street. The plaintiffs' land, so far as this controversy is concerned, was divided into village lots from 10 to 21, both inclusive, and abutting on defendant's land. The northerly boundary of defendant's lot extended from about the center of the southerly line of lot 10 to about the center of lot 21 on its southern boundary.

The contract was prepared from the map above referred to, mentioned in the contract, and known as the "R. Griffin Map," dated April 5, 1900, and on file in the Onondaga county clerk's office. That map erroneously gives the defendant's premises as extending from a point in the southerly line of lot 10 of plaintiffs' said lands to a point in such line of lot 20, thereby, upon the map, narrowing defendant's premises on the northerly line by a distance of 40 feet. The contract in question places the point of beginning for the description of the land to be conveyed at the northeast corner of the defendant's lands, as located by the Griffin map. Therefore it is reasonable to infer that it was the intention of the defendant to obtain all the land in the rear of the present school site. This would take the residue of lot 20 and a substantial part of lot 21. Such a transfer could not have been contemplated by said plaintiffs, because they had, at that time, given a deed covering that property to another party.

If the said plaintiffs believed in the accuracy of the Griffin map, then it was equally their intention to convey such lands; but I am convinced that it was not their intention to sell lands which they had already disposed of. Legally a contract was not entered into by these parties, because their minds never met in this transaction. They did not understand it alike. What they did was based on an erroneous location of the lot lines. Neither was right, and the transactions should be undone, and the parties restored to their former positions. It may be that they did not use as much diligence as they ought to have used with reference to having the land actually surveyed, and without further expense to themselves the inaccurate Griffin map, which was not intended to be a map of the schoolhouse premises, was adopted as accurate. That, however, under the facts shown, should not bring hardship to the taxpayers of the district. Relief should be granted from the uncertainty of the situation.

As the parties are in a court of equity, and each has asked for such order or judgment herein as may be just and equitable, I have come to the conclusion that it is within the power of this court to rescind and cancel the apparent contract as written. The general rule is

that an act or contract, made under mistake or ignorance of a material fact, is voidable and relievable in equity (1 Story, Eq. Juris. § 140), and an action lies for its rescission. However it cannot be reformed unless the mistake is mutual.

I do not hesitate to say that there was a mistake, by at least one of the parties, as to a fact which was of the essence of the contract, and that in itself constitutes a sufficient ground for this court to rescind and cancel the same. In my judgment, it would be unjust to grant foreclosure and compel the defendant to either lose the money it has already paid, or to take the property which it did not intend to purchase. I am unable, also, to say that the contract should be reformed, as asked by the defendant, and the said plaintiffs compelled to deed land to the full width of the defendant's present land, which they might find it extremely difficult to do, or hold them to damages for failure to perform a reformed instrument.

The contract in form was not a contract in fact. It originated in mistake, and that mistake not mutual, and about the same thing, but different on the part of each. I am willing to restore the parties, as well as I can, to their original positions. There is authority for such disposition of the case. Crowe v. Lewin, 95 N. Y. 423; Smith v. Mackin, 4 Lans. (N. Y.) 41. Not only is the power in the court to grant relief against acts done in contracts executed under a mistake of facts, but I think such relief may be extended as well to the refunding of money where the contract is canceled. Champlin v. Laytin, 18 Wend. 406, 31 Am. Dec. 382; Belknap v. Sealey, 14 N. Y. 143, 67 Am. Dec. 120.

The contract is therefore rescinded and canceled, and the plaintiffs will refund to the defendant the money already paid upon the contract, but without interest, and defendant shall have a lien on the premises to secure such repayment. In view of the fact that neither of said parties is at fault for this litigation, no costs are awarded. Judgment will enter accordingly.

Judgment accordingly.