Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John H. Gleason, for appellants.
Walter Briggs, Dist. Atty., for the People.

PER CURIAM. Judgments of the County Court and Police Court reversed, upon the opinion in People v. Baum (decided herewith) 118 N. Y. Supp. 3.

---

### TRYON et al. v. LYON.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

1. VENDOR AND PURCHASER (§ 108*) — RESCISSION OF CONTRACT — DEFECT IN QUANTITY OF LAND.

Where a vendor misstates the quantity of land in a lot which she is selling, and the purchasers rely thereon and would not otherwise have purchased for the price paid, the minds of the parties did not meet and there could be no reformation of the contract; but the contract should be rescinded, and the bond and mortgage given by the purchasers canceled, and the money paid by them repaid, although the misstatements were not intentional.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 108.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. VENDOR AND PURCHASER (§ 34*) — PROCEEDINGS TO CANCEL CONTRACT — PLEADINGS—ISSUE OF PROOF—VARIANCE.

In an action to rescind a contract for the sale of\ real estate on the ground of fraudulent misrepresentation as to the amount of land in the lot, plaintiff is entitled to have the contract rescinded without proof that the misrepresentations were fraudulent, as the court in an equitable action will not permit a party to profit by her even unintended misstatement.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 34.*]

3. VENDOR AND PURCHASER (§ 34*)—RESCISSION OF CONTRACT—MISTAKE AS TO QUANTITY.

A purchaser, who relies on the statements of the vendor as to the quantity of land in the lot he is buying, is entitled to have the contract rescinded, if the vendor's statements are false, without showing the difference in value between the land which he bargained for and the land actually conveyed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 34.*]

Appeal from Trial Term, Onondaga County.

Action by Clarence R. Tryon and another against Jennie F. Lyon. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

On the 2d day of June, 1908, the defendant owned a house and lot in the village of Liverpool, in the county of Onondaga, with an easterly frontage on Tulip street at its intersection with Fourth street. By a deed bearing date on that day she conveyed the same to the plaintiffs in consideration of the sum of $2,450, $300 of which was paid in cash, the payment of a subsisting mortgage of $900 was assumed by the grantees, and they gave their joint and several bond, secured by a second mortgage, of $1,150, the residue of the purchase price. Before purchasing the premises the plaintiffs inspected the house and were shown the boundary lines by the defendant. There was no fence on the south side of the lot, which extended westerly 165 feet. There was a barn on the southwest corner of the lot, and the evidence, without dispute, shows that the defendant told the plaintiffs that the southerly side of the barn was the southerly lot line. There was also a bed of ferns and fruit trees near the line, and the plaintiffs testified that the defendant said the fern bed and fruit trees were on the lot they were to purchase. The defendant testified that she said a part of the bed of ferns and the apple trees were within the premises to be conveyed, and that the pear tree and other shrubbery were on the adjacent lot, which she had sold to one Heid. The plaintiffs also testified that they went with the defendant to the northeast corner of the lot at the intersection of Tulip and Fourth streets. There was no sidewalk on the south side of Fourth street, and no lot fence, and nothing to denote the street line. A cement sidewalk had been constructed on Tulip street along the front of the lot, and the defendant said that the end of this walk at Fourth street was the line of that street, which was 90 feet in width, so that there was room for an additional lot of fairly good width between the dwelling house and Fourth street. The defendant denied this conversation in a measure, stating that she told the plaintiffs she was not certain of the south line of Fourth street, but that the end of the walk was on this line, and that she did not say anything as to the width of the street. The deed to the plaintiffs gave the frontage of the lot as 96½ feet and the southerly line as 165 feet, both of which distances were correct. The distances on the rear of the lot and on Fourth street were not given in the deed. The southerly boundary of Fourth street was not a straight line. The plaintiffs took possession of the premises the day the deed was delivered, going there from Syracuse. They found that Mr. Heid, the owner of the contiguous lot, had torn up the fern bed and was making preparations to build. His lot had been surveyed, and included 2½ feet on the southerly part of the prem-

ises conveyed to the plaintiffs, including the pear tree, a part of the fern bed, and the barn extended on his premises 2½ feet. It also developed that Fourth street was not 90 feet, but 99 feet, in width, and that the cement walk extended into Fourth street 1½ feet. The plaintiffs on the same day notified the defendant of the mistake as to the location of the south line, and immediately insisted upon reconveying the premises to the defendant, and asked that the money paid be refunded to them, the bond and mortgage canceled, and the whole contract rescinded. The defendant, while admitting the error which had been made, peremptorily refused to accede to the demands of the plaintiff, and this action in equity was commenced for a rescission, and for the cancellation of the bond and mortgage, and for the recovery of the money paid; the plaintiffs offering to restore the land to the defendant. Other facts appear in the opinion.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

J. W. Shea, for appellants.
Stewart F. Hancock, for respondent.

SPRING, J. Upon the trial Mr. Heid testified on behalf of the defendant that he was willing to have the barn moved onto the premises conveyed to the plaintiffs, and the defendant offered to move it at her expense. Thereupon the court dismissed the complaint, without costs, inserting in the judgment a provision requiring the defendant within a stipulated time to move the barn 2½ feet to the north, so that it would stand wholly on the premises actually conveyed. We think, in view of the undisputed evidence in the record, that the disposition made of the case is not just to the plaintiffs. There was no intentional misrepresentation as to the lot line made by the defendant. She did not intend to deceive. She did, however, make a misstatement to the plaintiffs as to a material fact, by which they were misled and induced to purchase the land. It is not necessary to prove the fraud alleged. The action was in equity, and the court will not permit the plaintiffs to lose or the defendant to profit by her misstatement, although unintentionally made. Silverman v. Minsky, 109 App. Div. 1, 95 N. Y. Supp. 661, affirmed 186 N. Y. 576, 79 N. E. 1116; Crowe v. Lewin, 95 N. Y. 423; Am. & Eng. Ency. of Law, vol. 24, p. 618; (2d Ed.). The parties never agreed, the one to purchase or the other to sell, the lands covered by the conveyance. Their minds did not meet. There could be no reformation, for the defendant did not own that part of the land included in the conveyance and which did not pass to the grantees. The action for rescission was, however, an available remedy. Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301. Davis v. Rosenzweig Realty Co., 192 N. Y. 128, 133, 84 N. E. 943, et seq.

The learned trial court was of the opinion that the representations were not shown to be material. The plaintiffs did not receive the quantum of land which they bargained for. The width of a part of their lot was diminished 2½ feet, and we think the evidence fairly established this paring off one side of the lot deprived them of a portion of the fern bed and the pear tree. They testified they would not have purchased for the price paid if they had expected the lines were not as shown them by the defendant, and that they relied upon her statements. They were not required to show the depreciation *in*

value occurring by reason of the lessened quantity of land conveyed to them. The respondent Mr. Tryon did testify, based upon all the alleged misrepresentations, that the value of the land actually conveyed to the plaintiffs was not more than $1,500. The property was obviously not worth as much as the lot they contracted for. They purchased for a home. They were deceived. As soon as they learned of that fact they informed the defendant and sought to annul the transaction, in order that both parties might be restored to their original status. They acted promptly. The defendant should have acceded to this demand. She admitted her misstatement, and yet insisted on reaping the full benefit of her contract, precisely the same as if she had made no misrepresentations. The plaintiffs are not seeking damages by this action. They desire to have the contract rescinded, and they were entitled to the relief asked for.

We have not based our decision on the representations as to the location of the south line of Fourth street, as the evidence was not so explicit on that question, and the court has found with the defendant upon it. The judgment should be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered upon the law and facts, with costs to the appellants to abide the event. All concur.