(153 App. Div. 286.)

PEABODY et al. v. KENT et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION—PERIOD OF SUSPENSION MEASURED BY YEARS.

A conveyance of property in trust to manage, sell, and dispose thereof upon such terms and in such manner as the trustees shall deem best, and to reinvest the proceeds, and at the expiration of five years pay over certain shares to persons named, and after ten years the remaining shares as directed, is invalid under the laws of this state; since, while it does not unlawfully suspend the power to alienate the property conveyed, it unlawfully suspends the power of alienation of the proceeds of a sale thereof.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53; Dec. Dig. § 6.*]

2. TRUSTS (§ 2*)—LAW GOVERNING.

A nonresident of this state executed deeds within the state to land in this state conveying the property in trust to third persons severally residing in three other states to manage, sell, and dispose thereof on such terms and in such manner as the trustees should deem best, to reinvest the proceeds, and distribute part of the trust fund at the expiration of five years, and the remainder after ten years. The grantor retained no ownership in or control of the estate beyond the retention of the right to readjust its distribution and the return of lapsed legacies to his executors. There was no express provision requiring the trust to be administered outside this state. In case of vacancy among the trustees, it was to be filled by choosing from several persons two of whom resided in this state. *Held* that since the trust was to be administered in this state at least until a sale of the land, and since the administration of the trust could not well follow the trustees to three diverse and separate jurisdictions, the validity of the trust was to be determined under the laws of this state, even assuming that the deed of trust equitably converted the land into personalty.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 2; Dec. Dig. § 2.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRUSTS (§ 2*)—VALIDITY—LAW GOVERNING.

A trust in personalty valid in the state or country where it is created is valid here, although the property is physically here, and the trust is to be administered here.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 2; Dec. Dig. § 2.*]

4. TRUSTS (§ 2*)—VALIDITY—LAW GOVERNING.

A trust in personal property which is to be carried from this state and paid to foreign trustees to be administered in another state where it is valid will not be held invalid here.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 2; Dec. Dig. § 2.*]

5. TRUSTS (§ 2*)—VALIDITY—LAW GOVERNING.

Where a trust is created in real property situated in this state, or where disposition of personal property is made here, and the directions of the will or deed are to be enforced here, or are not by its terms or necessary inference to be executed elsewhere, the validity of the trust is to be determined by the laws of this state.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 2; Dec. Dig. § 2.*]

6. COVENANTS (§ 102*)—ACTIONS FOR BREACH—CONDITIONS PRECEDENT.

Trustees under a deed of trust invalid as creating a perpetuity conveyed by warranty deed taking a mortgage for part of the purchase price. No claim to the premises under a paramount title was made by any one, and it did not appear that there was any one capable of making such claim, or of accepting a surrender of the premises in lieu of an actual eviction. Held, that a foreclosure of the mortgage with a judgment for deficiency would not be denied on the theory that, the conveyance having been void, the consideration had failed, since a grantee cannot disclaim his title and have an action for his damages for breach of covenant until the covenant is broken and the breach evidenced by actual eviction, or by a surrender to a person having paramount title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 157–168; Dec. Dig. § 102.*]

Appeal from Special Term, Westchester County.

Action by Charles B. Peabody and another, as surviving trustees, against Mary C. Kent, as executrix, and others. From an interlocutory judgment, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Frank M. Avery, of New York City (Edgar J. Phillips and Earl A. Darr, both of New York City, on the brief), for appellants.

Beno B. Gattell, of New York City (Daniel P. Hays and Winfield L. Morse, both of New York City, on the brief), for respondents.

THOMAS, J. On September 28, 1869, in the state of New York, George Peabody, a resident of the state of Massachusetts with a temporary abode in London, England, executed trust deeds, whereby he conveyed to three persons severally residing in Massachusetts, Vermont, and Ohio real estate and personal property in the state of Massachusetts and various states and foreign countries, including land in this state. The trust was "to manage, sell and dispose of the" property "upon such terms, and in such manner as" the trustees "shall deem best; and to reinvest the proceeds and accruing interest and proceeds thereof," and at the expiration of five years to pay over to persons named certain shares of it, and after ten years to pay the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

remaining shares as directed. In July, 1903, the trustees conveyed the land to one Kent for an actual consideration of $100,000 to secure $90,000, of which Kent gave his bond and a mortgage on the land. In the following December Kent conveyed to the Peabody Enamel Brick, Tile & Fire Proofing Company, subject to the mortgage, which the grantee assumed, and in May, 1905, that company conveyed to the Peabody Clay Company subject to such mortgage, which the latter company assumed. In this action to foreclose the mortgage, the receiver of the last grantee defends upon the ground that the deeds in trust conveyed no title, as they unduly suspended the absolute power of alienation of the subject of the trust, and it has been so adjudged and further decreed that the land be returned to the trustees upon their paying to the receiver the expenses of the improvements. In short, it has been determined that all conveyances are void, that the consideration has failed, and that the trustees, never having had title, should recover the land upon paying as stated.

[1] The trust deeds do not suspend the power to alienate the land, inasmuch as the trustees had and could give title to it, and the power to alienate is specifically given, as indeed it is required in furtherance of the trust. But the power to alienate the proceeds of sale is suspended for a gross term, and therefore the trust is invalid if tested by the laws of this state.

[2] But by the learned counsel for the appellants it is urged that there was for the purposes of the trust an equitable conversion of the land into personalty, which follows the settlor or the trustees into a foreign jurisdiction, where the trust will be administered, and that the policy of our law does not interdict perpetuities therein. Chamberlain v. Chamberlain, 43 N. Y. 425. In considering such proposition it will be kept in mind that the deeds were executed, the trustees created, and the trusts established in this state where the land is. I will now consider whether the instruments are governed by the place of their execution, and the lex rei sitæ, or whether the law of the domicile of the settlor or that of the trustees rules the trust. The argument may be cleared of an impediment by the consideration that the settlor retained no ownership in or control of the estate beyond the retention of the right to readjust its distribution, and the return of lapsed legacies to his executors. He left his domicile and came to this state to execute deeds that should convey land here. The fact that he had a legal residence in Massachusetts would not make applicable the law of that state to determine the sufficiency of the instrument, the capacity of the grantor, or to construe the deeds or the validity of the disposition. Such matters fall under one law. There are three decisions, in the light of which this question may be studied.

In Hobson v. Hale, 95 N. Y. 588, 609, it was decided that a devise of land in this state was void as unduly suspending the power of alienation, although the testator made the will in Massachusetts, where it was probated. It is true that the court construed the will as containing no power of sale to the executors, but it was said that, if one were implied, it would not make valid the devise. But attention

is due to the statement in the opinion that the testator "made no direction that it should be converted into personalty and the avails arising from the sale thereof transmitted for division under the will to the state of Massachusetts." Had there been such direction, would the devise have been sustained? The case then would be unlike the one at bar, in this: that the present instruments were made here, and there is no direction to take the proceeds elsewhere for distribution. The opinion refers for support to Brewer v. Brewer, 11 Hun, 147, affirmed in Bremer v. Penniman, 72 N. Y. 603, but there was no reference to the question here argued, viz., the execution of the trust in another jurisdiction. But two classes of trusts, void under our law, have been sustained by testing them by foreign laws, and they are illustrated by Cross v. United States Trust Co., 131 N. Y. 330, 30 N. E. 125, 15 L. R. A. 606, 27 Am. St. Rep. 597, and Hope v. Brewer, 136 N. Y. 126, 32 N. E. 558, 18 L. R. A. 458. In the first case the testator, living in Rhode Island, left a will probated there, whereby was created in personal property here a trust to be administered in this state by a resident trustee for the benefit of resident beneficiaries. The personal property fell under the law of the domicile of the owner, which was also the place of disposition. In sustaining the trust it was said:

"Our statute relating to the suspension of the absolute ownership of personal property applies to dispositions made within our own jurisdiction."

But in Hope v. Brewer, supra, a testator, domiciled in New York, by will probated here gave property to trustees in Scotland for a charity to be established there, and it was decided that the foreign law determined the validity of the trust. The will required the executor to sell the residuary estate, consisting of real and personal property, and pay the proceeds to the trustees in Scotland for the purposes of a charity to be established there. The direction, it was held, operated to convert the real estate into personalty, and the provision was deemed valid. The situs of the land is not mentioned. But it was said in the opinion:

"Our law with respect to the creation of trusts, the suspension of the power of alienation of real estate, and the absolute ownership of personal was designed only to regulate the holding of property under our laws and in our state, and a trust intended to take effect in another state, or in a foreign country, would not seem to be within either its letter or spirit."

[3, 4] If now I interpret correctly the meaning of those decisions, it is that a trust in personalty, valid in a state or county where it is created, is valid here, although the property is physically here and the trust is to be administered here, and, moreover, that a trust in personal property to be carried hence, and paid to foreign trustees to be administered under a trust in another state, where it is valid, will not be condemned here.

[5] In what instances, then, does our law test the validity of a trust? At least in cases, I conclude, where a trust is created in real property situated here, or where disposition of personal property is made here, and the directions of the will or deed are to be enforced

here, or are not by its terms or necessary inference to be executed elsewhere. I will assume that in the case at bar the grantor by his deeds made an equitable conversion. But he did it in this jurisdiction, and he did not direct that the proceeds of sale should be carried to some other jurisdiction for administration. But the appellant at this crucial point would show that the deeds demand payment to the trustees for administration elsewhere upon the theory that "the property, like all personal property, followed its owners out of this state and into some other jurisdiction," either the domicile of the settlor of the trusts or the residence of the trustees. But here at least I conceive that the appellants fail. The relation of the matter to the settlor has been considered. The trustees took the title for the purposes of the trusts, but lived in different states, and the deeds provided in case of vacancy for filling the same by choosing from several persons, two of whom resided in New York. From the nature of the case the trust would be administered in this state until the land should be sold, and the will did not require that the sale should be immediate, nor was such sale essential or maybe possible. In fact, the land was held from September 28, 1869, to December 3, 1903, so that if the land be regarded as having been converted into personalty in legal theory, in fact it remained land, and by the deeds it permissibly remained land for a time; so that, whether the substance of the trust be deemed land or personal property, the trust could be administered here for a period, and in the nature of the case would be probably administered here. It is not decided whether these considerations would outweigh a definite direction to establish a trust in a specified foreign state or country. But the appellants' entire position rests upon the fiction of equitable conversion and the superadded doctrine of the law of the domicile. But such theories do not force the inference that a trust is to be established and administered in another jurisdiction where there are three domiciles all equal in right, and it further appears that it was the intention of the settlor, as well as the necessity of the case, that the trust should for a time be administered in this state. Should a resident of this state, by deed or will executed here, grant or devise land here to trustees living in foreign states for disposition upon trusts created for a fixed term, it would not be determined, I apprehend, that presumptively the land theoretically converted into personalty, followed the trustees either to three diverse and separate jurisdictions or to any jurisdiction save that where the land was and where the disposition of it was made. I find no reason for a different conclusion in case the grantor and settlor came into the state and thereupon made similar disposition. Title vested in trustees for immediate sale and removal of the proceeds to a foreign jurisdiction, for a trust established and administrable there is a very different provision. The conclusion is that the trust deeds conveyed no title.

[6] But it does not follow that the settlor has or that any person succeeding to his title will seek to dispossess the present grantee. There is a moral, if not legal, injustice in the assumption that a man of distinguished honor, who has empowered trustees to sell his land

and invest the proceeds upon a trust technically invalid, will oust the grantee, or that his heirs will do so, or that, having once so conveyed, he will grant in antagonism to such grant, so as to enable another to defeat his earlier purpose. A man may not be presumed unconscionable because he has erred in law in disposing of his land. And yet the respondents' attitude would so characterize him. The present grantee is in possession under a deed with full covenants that avail not only against their grantor, but carry the benefit of the covenant of warranty in the deed of the trustees to Kent against any person claiming under them or Peabody. No person claims the premises by or through any person whatsoever, nor is there any evidence that any claimant exists capable or disposed so to do. There has been no eviction nor is any person identified to whom surrender without eviction could be made. The grantee cannot disclaim his title and have action for his damages until his covenant of title has been broken, and the breach evidenced by actual eviction, or by yielding possession to the owner of the title with the burden of showing him to be such. Hamilton v. Cutts, 4 Mass. 349, 3 Am. Dec. 222. But there is no person here asserting paramount title, and the surrender in lieu of actual eviction is as imaginary as is the person asserting paramount title. The decree is that the land be surrendered to the trustees upon the ground that they had no title. The trustees, whether they had title or not, could not evict respondents or demand surrender. So the respondent's receiver, undisturbed and unmenaced, is holding land against all the world, and yet the judgment cancels the mortgage given for the purchase money and assumed by all the grantees, as if there were an eviction or successful assertion of paramount title, and this upon the ground that the consideration fails upon actual eviction, as in Dunning v. Leavitt, 85 N. Y. 30, 39 Am. Rep. 617. There the eviction was actual, and Thorp v. Keokuk Coal Company, 48 N. Y. 253, where there was no eviction, was distinguished. There has been no fraud and no mistake of fact, as in Crowe v. Lewin, 95 N. Y. 423, upon which the judgment annulling the transaction was based. The deeds to the trustees were matters of record and are recited in the deed to Kent and subsequent deeds. The mistake was one of law in assuming that the trusts were valid. Under such circumstances, the grantee has the land and the covenants, and upon eviction or compulsory surrender to the owner of a paramount title may recover his damages, the purchase money paid, although in the present decree the land is charged with the expense of the improvements, whatsoever the amount.

The judgment should be reversed and plaintiffs have the usual judgment for foreclosure and sale and for deficiency, with costs.

WOODWARD and RICH, JJ., concur. BURR, J., concurs upon the ground last stated in the opinion. HIRSCHBERG, J., concurs in result.